IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36007-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| FRANCISCO MANUEL AGUINAGA, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — RCW 10.01.160(3) permits the imposition of discretionary legal financial obligations only if the offender has the current or likely future ability to pay. In the landmark decision, *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), our state high court directed the sentencing judge to engage in an individualized inquiry into the offender's assets, income, and debt before the court imposes the legal financial obligations. Despite agreeing to pay financial obligations, Francisco Aguinaga contends, on appeal, that the trial court failed to engage in an individualized inquiry. The State answers that Aguinaga either waived his right to an individualized inquiry or invited any error. The State also contends that the sentencing court conducted an individualized inquiry. We decline to address the parties' contentions. We instead exercise the

discretion afforded us by the Supreme Court in *State v. Blazina* to decline review of an

issue not raised before the trial court.

FACTS

The facts supporting Francisco Aguinaga's conviction for burglary in the first

degree lack relevance to this appeal. Evidence showed that Aguinaga entered the home

of Mike Vasquez and assaulted Vasquez.

PROCEDURE

A jury found Francisco Aguinaga guilty of burglary in the first degree. The

sentencing court sentenced Aguinaga to fifteen months' confinement followed by

eighteen months' community custody.

During the sentencing hearing, the trial court engaged in the following colloquy

with Francisco Aguinaga:

> [THE COURT:] We need to talk about your ability to pay legal
> financial obligations.
> Now, when you worked in Spokane, you owned your own business?
> It's a music-related business?
> [AGUINAGA]: Yeah. I have—I perform weekly out there. And
> that's how I—
> THE COURT: Like, you are a deejay?
> [AGUINAGA]: Mm-hmm.
> THE COURT: Okay. And how much do you make in a year?
> [AGUINAGA]: I'm not too sure. With my—it depends, because on
> the record label that I'm on, we do certain yearly tours and stuff like that.

2

So we have yearly/monthly cash outs. And then I get paid weekly in Spokane.

*I'm able to pay fines.*

THE COURT: Okay. All right.

Now, Ms. Ajax was appointed to represent you at public expense; was she not?

[AGUINAGA]: Yeah.

THE COURT: All right. And that was because you didn't have money saved up to hire an attorney?—the several thousand dollars or whatever it takes?

[AGUINAGA]: Yeah.

THE COURT: But you're confident you can come up with between $50 and $100 a month?

[AGUINAGA]: When the whole—when everything started, I was not prepared at all for any of this. I was saving up money for a new lease and a van. And I had to put that all into gas money and hotels and getting bailed out.

THE COURT: Okay. But you're confident that going forward, once you get done with your prison time—assuming that I think I see some paperwork for filing an appeal. No?

*At any rate, once you're done with this, you're confident you can get back to work and pay between $50 and $100 per month?*

[AGUINAGA]: *Yes, sir.*

Report of Proceedings (Feb. 22, 2018) (RP) at 11-12 (emphasis added).

The trial court imposed legal financial obligations as follows:

| | |
|---|---|
| $500.00 | Crime victim penalty assessment |
| $200.00 | Criminal filing fee |
| $100.00 | DNA collection fee |
| $600.00 | Sheriff's service fee |
| $250.00 | Jury demand fee |
| $96.68 | Witness fee |

3

The financial obligations totaled $1,906.68.  RP at 12-13.

LAW AND ANALYSIS

On appeal, Francisco Aguinaga contends the trial court failed to conduct an individualized inquiry into his current and future ability to pay legal financial obligations and, therefore, the sentencing court failed to comply with the dictates of *State v. Blazina*, 182 Wn.2d 827 (2015).  Aguinaga asks this court to remand for the sentencing court to engage in this inquiry.

The State emphasizes that Francisco Aguinaga volunteered his ability to pay fines. Therefore, the State argues that Aguinaga invited any error or waived the right to an individualized inquiry into his ability to pay legal financial obligations.  Based on waiver and the invited error doctrine, the State asks that we reject Aguinaga's assignment of error.  The State also argues that, assuming we reach the merits of Aguinaga's assignment of error, sufficient facts before the sentencing court supported a ruling that Aguinaga could afford to pay the financial obligations.

Despite the Supreme Court issuing its decision in *State v. Blazina*, 182 Wn.2d 827 (2015), more than two years before Francisco Aguinaga's sentencing hearing, Aguinaga did not demand that the trial court conduct any individualized inquiry into his ability to

pay legal financial obligations.  Because he did not ask for this inquiry and because of the smallish amount of financial obligations, we exercise our discretion and withhold review of Aguinaga's assignment of error.  We, therefore, do not address the State's assertion of waiver and invited error.

In *State v. Blazina*, 182 Wn.2d 827 (2015), the state high court directed superior courts to conduct an individualized inquiry into the financial circumstances of each offender before levying any discretionary legal financial obligations.  Nevertheless, the Supreme Court did not hold that the Court of Appeals must entertain any assignment of error based on the trial court's failure to conduct an individualized inquiry.  Instead, the high court noted the rule on appeal that an "appellate court may refuse to review any claim of error which was not raised in the trial court."  RAP 2.5(a).  This rule exists to give the trial court an opportunity to correct the error and to give the opposing party an opportunity to respond.  The text of RAP 2.5(a) delineates three exceptions that allow an appeal as a matter of right, but none of these exceptions applies in the context of legal financial obligations.  Therefore, a defendant who makes no objection to the imposition of discretionary financial obligations at sentencing is not automatically entitled to appellate review.  The high court did not outline any factors or guidelines for the Court of Appeals to consider when determining whether to exercise review.

No. 36007-5-III
*State v. Aguinaga*

## CONCLUSION

We deny review of Francisco Aguinaga's assignment of error of the trial court's purported failure to engage in an individualized inquiry as to his ability to pay legal financial obligations.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, A.C.J.

6